Motion Under 28 USC Section 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody

| Name of Movant | Inmate Number | Criminal Docket No's |
|---|---|---|
| Marie N. Dorval | 976-01004 | 0:1160260-Cr-Marra |

Judge:  Most Honorable Kenneth A. Marra

Confinement:   FDC Miami
P.O. Box 019120
Miami, Fl 33101
Unit A East

United States of America VS. Marie Nicole Dorval

Southern District Court West Palm Beach Division
Judgement conviction was September 28, 2012
Length of sentence 24 months
Nature of Offense:  Conspiracy to commita Visa Fraud

Plea:  Guilty
I did testify to the Grand Jury on March 7, 2013
No appeals have been filed

Motions:

Motion to continue surrender date, January 30, 2013

Motion to reconsider continue surrender date February 19, 2013

Motion to continue surrender date June 13, 2013

Motion to reduce sentence November 2013

FACTS

In February 2008, one of my clients, RB, who is Jamaican told me about the H2B Visa. I was excited to help. Haitian's are in need to participate on the guest workers program. She also referred me to an immigration attorney, Joe Nichols. I told my friend, J.M., what RB had explained to me. JM did some research to make sure that Haiti was one of the countries on the list.

In April 2008, we decided to bring workers from Haiti. We met with Joe Nichols to learn more about the H2A-H2B Visa program. After the meeting with Joe Nichols, J.M. brought the idea to go to a city affected by a hurricane to look for contracts. No success. JM told me she had a friend and she has worked for him for 10 years. He would do anything for her. B.R. owned a construction company in Hialeah, Florida. BR signed the letter of intent and the contract for us. But, B.R. was not prosecuted. My understanding was that as long as I got a job for the workers, it would be under the manidor contract that it was all ok. I had no knowledge that it was a crime to get the workers a different job than the one in the contract that went to the Dept. of Labor.

I fully intended to take my case to trial. But my attorney, Martin Roth, took a strong position against that strategy. Stating that I could not win at trial. If I didn't take a plea, the government would make my life miserable. Since I was just recovering from a stroke and I have two minors children and the sole supporter for my family. By telling me to enter a plea I would get house arrest, followed by probation. He read my plea agreement to me and told me that the government agreed to the house arrest followed with the probation. I trusted him because he was an experienced attorney and I paid him to assist me. I signed the plea, I never read my plea agreement until February 2013 when I hired Sabrina Puglisi as my attorney. She went over my plea agreement with me and told me my best interest was to continue with the cooperation.

After I met with the prosecutors in April, and had never heard from them in a long time. I asked Martin Roth to ask to dismiss my cased, because I read on the internet and printed a copy for Martin Roth. There were two cases similar that was dismissed and I had the same prosecutor and the same investigator. Cases are United States vs. Alec and Michael Sou and United States vs. Carline Cineus and Bomptemp. He refused.

PROCEDURAL HISTORY

I was charged with one count of 18 USC 371

My counsel was constitutionally ineffective.

To prove that counsel was ineffective, I must show that Martin Roth's performance was deficient and that I suffered prejudice from the deficient performance.

Strickland vs. Washington, 466 U.S. 668 (1984) governs the determination of ineffectiveness at trial, sentencing and appeal. Counsel's assistance is deficient if it falls below an objective standard of reasonableness. Strickland 466 U.S. at 688. The fifth circuit has described that standard as requiring that counsel research relevant facts and law United States vs. Phillips 210 F 3D 345, 348 (5th Cir. 2000) quoting United States vs. Williamson, 183 F 3D 458, 462-63 (5th Cir. 1999). "Solid meritorious arguments based on directly controlling precedent should be discovered and brought to the courts attention". At no time I never saw my PSI or my Discovery.

To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." United States vs. Bass 310 F 3D 321, 325 (5th Cir. 2002). Quoting Strickland 466 U.S. at 694, 104 S. ct 2052, "Proof that a lesser sentence would have been imposed absent counsel's error is sufficient as" any amount of actual jail time has sixth amendment significance". Glover vs. United States 531 U.S. 198, 203 (2001). Which constitutes prejudice for purposes of the Strickland test.

A. My counsel was ineffective for not properly informing me of the consequences of the guilty plea.

I was not presented with an opportunity to read or understand my plea agreement. Martin Roth read the plea agreement to me. I was told if I pled guilty, I would not go to prison because of my health condition and being a single mother of a 13 and 2 years old. He said that he would negotiate for me with Susan French and Roy Conn for house arrest followed by probation. Martin

TRULINCS 97601004 - DORVAL, MARIE NOCOLE - Unit: MIM-A-E

---

Roth countered my request to go to trial and instructed me the answers to the judges questions. For me to enter the plea on October 2011, I did not know the consequences of what would happen by trusting Martin Roth as my counsel. One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether she should plead guilty. An attorney fulfills this obligation by informing the defendant about the relevant circumstances and the likely consequences of a plea. Apprising a defendant about her exposure under the sentencing guidelines is a necessary part of this process. "Failing to properly advise the defendant of the maximum sentence that she could receive falls below the objective standard required by Strickland", United States vs. Herrera 418 F. 3D 577, 580 (5th Cir. 2005). It is submitted that Martin Roth rendered ineffective assistance by inducing me to plead guilty cooperate and not providing me with an explanation of the consequences. An attorney's failure to properly inform the client about her sentencing exposure may constitute ineffective assistance. See Teague vs. Scott 60F. 3D 1167, 1177 (5th Cir. 1995). "Failure to properly advise the defendant of the maximum sentence that she could receive falls below the objective standard required by Strickland. See also United States vs. Rigway 321 3D 512, 514 (5th Cir. 2003).

("By grossly underestimating the defendant's sentencing exposure..., counsel breaches his duty as defense attorney in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable". I would carry the full impact of this illegal action and be sentenced 24 months. If Martin Roth would have explained the consequences to me, I would have chosen to proceed to trial instead. Hill vs. Lockhart 474 U.S. 52, 59 (1985).

B. My counsel was ineffective at sentencing.

Sentence hearing is the most important and dangerous in a case. Martin Roth did not get with me before my sentence hearing. I received an email the day before my sentence stating 26,650 will be for restitution and he would drive me from Boca Raton to the court in West Palm Beach. Judge Marra did not want to continue the sentence so I had to go on September 28, 2012. Martin Roth was aware that not every worker had paid me. Martin also told me this is just a temporary sentence. I would not go to prison, do not say anything. He already had everything set up with the government and the judge. That is the reason why when the Honorable Judge Marra asked if I had anything to say I said no. In this case to determine whether Martin Roth provided ineffective assistance the court must decide whether counsel had a duty to consult with me about an appeal because either 1 rational defendant would want an appeal. For example, because there are non frivolous grounds for appeal, 2 that I reasonably demonstrated that I was interested in appealing in answering the question of whether a rational defendant would want to appeal her sentence. It is relevant to ask whether there are any potential non frivolous grounds for appeal. Whether there was a guilty plea and whether the plea expressly waived the right to appeal. See Flores-Ortega at 480.

the constitution requires that the client be advised not only of the right to appeal, but also of the procedure and time limits involved and the right to appointed counsel on appeal. Counsel's failure to do so advise a defendant once a conviction is entered falls below prevailing professional standards and is constitutionally deficient performance. Within the meaning of Strickland. White vs. Johnson 180 F 3D 648, 652 (5th Cir. 1999).

C. My counsel was ineffective for failing to adequately consult with me about my right to appeal or for filing a notice of appeal.

Roe vs. Flores-Ortega, 528 U.S. 470 (2000) concerns an ineffective assistance of counsel claims for failure to file an appeal. Flores-Ortega was charged with murder by the state of California. A public defender was appointed to represent him. Flores-Ortega entered Alfa plea denying guilt of the crime, but at the same time admitting that there was sufficient evidence to convict him. Flores-Ortega was sentenced 60 days within which to file an appeal. Although the public defender wrote "bring appeal papers in her file, she failed to file a notice of appeal within the delay. during the first 90 days after sentencing, Flores-Ortega was unable to communicate with counsel about four months after sentencing. He tried to file a notice of appeal which was rejected as untimely. flores-Ortega sought the state habeas corpus relief, but was unsuccessful. He then filed a federal Habeas Corpus petition pursuant to USC sec 2254 alleging constitutionally ineffective of counsel based on his attorney's failure to file a notice of appeal on his behalf after promising to do so. Ultimately the United States Supreme Court reviewed the case to resolve a conflict in the lower courts regarding counsels's obligation to file a notice of appeal.

D. I suffered prejudice due to trial counsels ineffectiveness

To prove prejudice "The defendant must show that there is reasonable probability that, but for counsels unprofessional errors the result of due proceeding would have been different."

United States vs. Bass 310 F. 3D 1325 (5th Cir. 2001) 310 F 3D 321 325 (5th Cir. 2001). Quoting Strickland 466 U.S. at 694 Martin Roth's performance at sentencing did not fall within the wide range of reasonable professional assistance. See Strickland vs. Washington, 466, U.S. 668, 689 (1984) because a reasonable competent attorney would have objected to an improper Mandate of reasonableness. See Strickland, 466 U.S. at 687. In sum, my attorney provided ineffective assistance

Timeliness of motion
The one year statute of limitation as contained in 28 USC Sec. 2255 does not bar the motion.

I ask the court to consider my motion because I did not know about the 2255 until I had explained my situation to an inmate and was told me about the 2255. Last year when I hired Sabrina, she did not give me that option. She told me continue with the cooperation . It is the only way to get home early with the hope of getting the Rule 35. After the trial that was scheduled on November 12, 2013. I went to her try to withdraw the plea. I had contacted several attorneys before Sabrina tried to withdraw the plea. All of them told me that you are a fair judge, but don't like defendant's to withdraw the plea, because you always make sure the defendant understand their plea. But I was instructed to answer what Martin Roth told me to say.

TRULINCS 97601004 - DORVAL, MARIE NOCOLE - Unit: MIM-A-E

---

and I was prejudiced as a result.

CONCLUSION
My counsel did not get any variance to obtain a lower sentence for me, as a first time non violent offender. The only thing Martin Roth told me on January 31, 2013 was sorry I never anticipated the government would take that long to make the case against Mc Phee. The government lied to me. You must surrender on March 1. Those assertions made to me caused the loss of my business in Florida and Haiti, because most of my income was coming from Haiti business. He even told me I would be able to travel for business. My children are suffering. My counsel representation fell below the reasonable standard of reasonableness and I am losing out on other opportunities and receiving additional punishment as a result of the ineffective assistance of counsel and also caused me substantial prejudice. I should be afforded the relief I now seek. My sentence should be vacated and I should be sentenced anew. Therefore I ask the court for immediate release for time served.

NB. copy of the Motion: Unopposed Motion to Reconsider Marie Dorval's Motion to Continue Surrender date. Please refer to paragraph 5 where Martin Roth confirmed to Sabrina the assertions made to me to support my motion.

I declare under penalty of perjury the foregoing is true and correct. Executed on:

_02.28-2013/4_                                              _Marie Nicole Dorval_
Date                                                          Signature of Movant

Timeliness of motion

The one year statue of limitation as contained in 28 USC section 2255 does not bar the motion.

I asked the court to consider my motion because I did not know about the 2255 until I had explained my situation to an inmate and was told me about the 2255. Last year when I hired Sabrina, she did not give me that option. She told me continue with the cooperation. It is the only way to get home early with the hope of getting Rule 35. After the trial that was scheduled on November 12, 2013, I went to her to try to withdraw the plea. I had contacted several attorneys before Sabrina tried to withdraw the plea. All of them told me that you are a fair judge, but don't like defendants to withdraw the plea, because you always make sure the defendant understand their plea. But I was instructed to answer what Martin Roth told me to say.

Marie N. Dorval #97601-004
FDC Miami
P.O. Box 019120
Miami, FL 33101

LEGAL MAIL

United States District Court
Honorable Kenneth A. Marra
701 Clematis Street, Room
West Palm Beach, Florida 33

INSPECTED